IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEXTER PITTS, # 45245-074, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:18cv197-MHT |
| | ) [WO] |
| WALTER WOODS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a federal inmate, filed this *Bivens*[1] action in which he challenges certain conditions at the Maxwell Federal Prison Camp ("FPC Maxwell") related to the presence of bats in the ceilings of the living areas. Plaintiff applied for leave to proceed *in forma pauperis* (Doc. No. 5) and submitted financial documents from the inmate account clerk at FPC Maxwell providing the court with information to determine the average monthly deposits to and average monthly balance of Plaintiff's inmate account for the six-month period immediately preceding the filing of this action (Doc. No. 8). Those documents established that for the relevant period, the average monthly deposits to Plaintiff's prison account were $133.95, an amount greater than the average monthly balance of Plaintiff's account over this time. The court therefore ordered Plaintiff to forward to the Clerk the sum of $26.79 as an initial partial filing fee. Doc. No. 11 at 2. The court advised Plaintiff it was his responsibility to submit the appropriate paperwork to the prison account clerk

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

for transmission of such funds and specifically cautioned Plaintiff "that if he fails to pay the initial partial filing fee in compliance with this order, the Magistrate Judge will recommend that this case be dismissed." Doc. No. 11 at 3.

Plaintiff has failed to pay the initial partial filing fee within the time provided by the court. Absent payment of the initial partial filing fee, this case cannot proceed before the court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to pay the initial partial filing fee as ordered by this court.

On or before June 4, 2018, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's

Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of May, 2018.

    /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE